MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
FLORENCIO GIL AGUILAR, *individually and on behalf of others similarly situated,*

      *Plaintiff*,

   -against-

N & A PRODUCTIONS INC. (D/B/A THE PLAYWRIGHT IRISH PUB), MCGEES'S BAR & GRILL, INC. (D/B/A MCGEES'S PUB), PETER FITZPATRICK , THOMAS F. DWYER , COLLEEN DWYER , FRANCIS J. MCCAWLEY, JOHN BERNARD DOHERTY , KENNETH GERARD KEATING , PADRAIG DWYER , and SEAN DWYER ,

      *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Florencio Gil Aguilar ("Plaintiff Gil" or "Mr. Gil"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against N & A Productions Inc. (d/b/a The Playwright Irish Pub), McGees's Bar & Grill, Inc. (d/b/a McGees's Pub), ("Defendant Corporations"), Peter Fitzpatrick, Thomas F. Dwyer, Colleen Dwyer, Francis J. McCawley, John Bernard Doherty, Kenneth Gerard Keating, Padraig Dwyer, and Sean Dwyer, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Gil is a former employee of Defendants N & A Productions Inc. (d/b/a The Playwright Irish Pub), McGees's Bar & Grill, Inc. (d/b/a McGees's Pub), Peter Fitzpatrick,

Thomas F. Dwyer, Colleen Dwyer, Francis J. McCawley, John Bernard Doherty, Kenneth Gerard Keating, Padraig Dwyer, and Sean Dwyer.

2. Defendants own, operate, or control two bars, one of which is located at 27 W 35th Street, New York, NY 10001 under the name "The Playwright Irish Pub" (hereinafter "Irish Pub" location) and the other one at 240 W 55th Street, New York, New York 10019 under the name "McGees's Pub" (hereinafter "McGee's" location).

3. Upon information and belief, individual Defendants Peter Fitzpatrick, Thomas F. Dwyer, Colleen Dwyer, Francis J. McCawley, John Bernard Doherty, Kenneth Gerard Keating, Padraig Dwyer, and Sean Dwyer, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the bars as a joint or unified enterprise.

4. Plaintiff Gil was employed as a cook at the bars located at 27 W 35th Street, New York, NY 10001 and at 240 W 55th Street, New York, New York 10019.

5. At all times relevant to this Complaint, Plaintiff Gil worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hour's compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Gil appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Gil the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Gil to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gil and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Gil now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Gil seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gil's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two bars located in this district. Further, Plaintiff Gil was employed by Defendants in this district.

## **PARTIES**

*Plaintiff*

14. Plaintiff Florencio Gil Aguilar ("Plaintiff Gil" or "Mr. Gil") is an adult individual residing in Bronx County, New York.

15. Plaintiff Gil was employed by Defendants at "The Playwright Irish Pub" and "McGee's Pub" from approximately February 2013 until on or about January 27, 2019.

16. Plaintiff Gil consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled two bars, located at 27 W 35th Street, New York, NY 10001 under the name "The Playwright Irish Pub" and at 240 W 55th Street, New York, New York 10019 under the name "McGees's Pub".

18. Upon information and belief, N & A Productions Inc. (d/b/a The Playwright Irish Pub) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 27 W 35th Street, New York, NY 10001.

19. Upon information and belief, McGees's Bar & Grill, Inc. (d/b/a McGees's Pub) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 240 W 55th Street, New York, New York 10019.

20. Defendant Peter Fitzpatrick is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Fitzpatrick is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Peter Fitzpatrick possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Gil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Thomas F. Dwyer is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Thomas F. Dwyer is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Thomas F. Dwyer possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Colleen Dwyer is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Colleen Dwyer is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Colleen Dwyer possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Francis J. McCawley is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Francis J. McCawley is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Francis J. McCawley possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant

Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant John Bernard Doherty is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Bernard Doherty is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Bernard Doherty possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25. Defendant Kenneth Gerard Keating is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kenneth Gerard Keating is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kenneth Gerard Keating possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26. Defendant Padraig Dwyer is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Padraig Dwyer is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Padraig Dwyer possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Gil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27. Defendant Sean Dwyer is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sean Dwyer is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sean Dwyer possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gil, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28. Defendants operate two bars both of which are located in the Midtown East section of Manhattan in New York City.

29. Individual Defendants, Peter Fitzpatrick, Thomas F. Dwyer, Colleen Dwyer, Francis J. McCawley, John Bernard Doherty, Kenneth Gerard Keating, Padraig Dwyer, and Sean Dwyer, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31. Each Defendant possessed substantial control over Plaintiff Gil's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiff Gil, and all similarly situated individuals, referred to herein.

32. Defendants jointly employed Plaintiff Gil (and all similarly situated employees) and are Plaintiff Gil's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff Gil and/or similarly situated individuals.

34. Upon information and belief, Individual Defendants Peter Fitzpatrick, Thomas F. Dwyer, Colleen Dwyer, Francis J. McCawley, John Bernard Doherty, Kenneth Gerard Keating, Padraig Dwyer, and Sean Dwyer operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

   f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiff Gil's employers within the meaning of the FLSA and New York Labor Law.

36. Defendants had the power to hire and fire Plaintiff Gil, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gil's services.

37. In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bars on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39. Plaintiff Gil is a former employee of Defendants who was employed as a cook.

40. Plaintiff Gil seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Florencio Gil Aguilar*

41. Plaintiff Gil was employed by Defendants from approximately February 2013 until on or about January 27, 2019.

42. Defendants employed Plaintiff Gil as a cook.

43. Plaintiff Gil regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44. Plaintiff Gil's work duties required neither discretion nor independent judgment.

45. Throughout his employment with Defendants, Plaintiff Gil regularly worked in excess of 40 hours per week.

46. From approximately February 2013 until on or about August 2018, Plaintiff Gil worked at the Irish Pub location from approximately 10:00 a.m. until on or about 9:00 p.m. to 10:00 p.m., 4 days a week and from approximately 9:00 a.m. until on or about 9:00 p.m. to 10:00 p.m., one day a week (typically 56 to 61 hours per week).

47. From approximately August 2018 until on or about January 27, 2019, Plaintiff Gil worked at the McGee's location from approximately 4:00 p.m. until on or about 12:00 a.m., two days a week, from approximately 10:00 a.m. until on or about 10:00 p.m. to 10:30 p.m., one day, from approximately 4:00 p.m. until on or about 1:00 a.m., one day, and from approximately 4:00 p.m. until on or about 12:00 a.m., one day (typically 45 to 45.5 hours per week).

48. Throughout his employment, Defendants paid Plaintiff Gil his wages by check.

49. From approximately February 2013 until on or about December 2015, Defendants paid Plaintiff Gil a fixed salary of $1,100 per week.

50. From approximately January 2016 until on or about April 2016, Defendants paid Plaintiff Gil a fixed salary of $1,300 per week.

51. From approximately April 2016 until on or about June 2018, Defendants paid Plaintiff Gil a fixed salary of $1,400 per week.

52. From approximately June 2018 until on or about August 2018, Defendants paid Plaintiff Gil a fixed salary of $1,500 per week.

53. From approximately August 2018 until on or about January 27, 2019, Defendants paid Plaintiff Gil a fixed salary of $1,350 per week.

54. Plaintiff Gil's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55. For example, Defendants required Plaintiff Gil to work an additional 30 minutes past his scheduled departure time one day, and did not pay him for the additional time he worked.

56. Defendants never granted Plaintiff Gil any breaks or meal periods of any kind.

57. From approximately August 2018 until on or about January 27, 2019, Plaintiff Gil was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gil regarding overtime and wages under the FLSA and NYLL.

59. Defendants did not provide Plaintiff Gil an accurate statement of wages, as required by NYLL 195(3).

60. Defendants did not give any notice to Plaintiff Gil, in English and in Spanish (Plaintiff Gil's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

61. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gil (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

62. Plaintiff Gil was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63. Defendants habitually required Plaintiff Gil to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

64. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

65. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gil (and similarly situated individuals) worked, and to avoid paying Plaintiff Gil properly for his full hours worked.

67. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gil and other similarly situated former workers.

69. Defendants failed to provide Plaintiff Gil and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70. Defendants failed to provide Plaintiff Gil and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71. Plaintiff Gil brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72. At all relevant times, Plaintiff Gil and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records, as required under the FLSA.

73. The claims of Plaintiff Gil stated herein are similar to those of the other employees.

# FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74. Plaintiff Gil repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff Gil's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Gil (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

76. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

78. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Gil (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79. Defendants' failure to pay Plaintiff Gil (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff Gil (and the FLSA Class members) were damaged in an amount to be determined at trial.

# SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

81. Plaintiff Gil repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gil overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83. Defendants' failure to pay Plaintiff Gil overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Gil was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

85. Plaintiff Gil repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants failed to pay Plaintiff Gil one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Gil's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

87. Defendants' failure to pay Plaintiff Gil an additional hour's pay for each day Plaintiff Gil's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

88. Plaintiff Gil was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

89. Plaintiff Gil repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiff Gil with a written notice, in English and in Spanish (Plaintiff Gil's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91. Defendants are liable to Plaintiff Gil in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

92. Plaintiff Gil repeats and realleges all paragraphs above as though fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiff Gil with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94. Defendants are liable to Plaintiff Gil in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gil respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gil and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gil's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gil and the FLSA Class members;

(e) Awarding Plaintiff Gil and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Gil and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gil;

(h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Gil;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Gil's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Gil;

(k) Awarding Plaintiff Gil damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l) Awarding Plaintiff Gil damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Gil liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Gil and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Gil and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gil demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 22, 2019

                                                MICHAEL FAILLACE & ASSOCIATES, P.C.

                          By: /s/ Michael Faillace
                                   Michael Faillace [MF-8436]
                                   60 East 42nd Street, Suite 4510
                                   New York, New York 10165
                                   Telephone: (212) 317-1200
                                   Facsimile: (212) 317-1620
                                   *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 18, 2019

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:       Florencio Gil Aguilar

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:       *Florencio Gil*

Date / Fecha:       18 de Febrero de 2019

*Certified as a minority-owned business in the State of New York*