USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/24/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLORENCIO GIL AGUILAR,

Plaintiff,

v.

N & A PRODUCTIONS INC., d/b/a THE PLAYWRIGHT IRISH PUB, MCGEES'S BAR & GRILL, INC., d/b/a MCGEES'S PUB, PETER FITZPATRICK, THOMAS F. DWYER, COLLEEN DWYER, FRANCIS J. MCCAWLEY, JOHN BERNARD DOHERTY, KENNETH GERARD KEATING, PADRAIG DWYER, and SEAN DWYER,

Defendants.

No. 19-CV-1703 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Florencio Gil Aguilar brings this action against Defendants N & A Productions Inc., McGees's Bar & Grill, Inc., Peter Fitzpatrick, Thomas F. Dwyer, Colleen Dwyer, Francis J. McCawley, John Bernard Doherty, Kenneth Gerard Keating, Padraig Dwyer, and Sean Dwyer (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a proposed settlement agreement ("Agreement"). Having reviewed the parties' proposed Agreement and fairness letter, the Court finds the settlement amount and attorney's fees fair and reasonable. However, the Court cannot approve of the Agreement with its present release of claims.

## A. Settlement Amount

To determine whether a proposed settlement is fair and reasonable, courts consider the "totality of circumstances." *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112 (PAE), 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015). Relevant factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Because the Court is "not in as good a position as the parties to determine the reasonableness of an FLSA settlement," there is a "strong presumption in favor of finding a settlement fair." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

Under the Agreement, Defendants agree to pay Plaintiff $40,000. *See* Agreement ¶ 2(a). After deducting attorney's fees, Plaintiff will receive $26,666.67. *See id.* ¶ 2(b). Plaintiff estimates that he is entitled to $272,293.97 in unpaid wages, and, if he were to recover in full for his claims, $657,303.94 in "actual damages, penalties, and interest."[1] Fairness Letter at 2. As an initial matter, Plaintiff's full recovery estimate incorrectly includes $88,692.83 in prejudgment interest as "[i]t is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) (per curiam). This leaves an estimated potential recovery of approximately $570,000.

---

[1] It appears that Plaintiff has miscalculated his estimated potential full recovery. Based on the breakdown of damages in Plaintiff's chart, his potential full recovery appears to total approximately $669,000. *See* Agreement, Ex. B (Plaintiff's damages chart). This difference does not change the Court's analysis.

2

The Court is mindful that the settlement amount of $40,000 provides Plaintiff with only a small portion of his estimated recovery if successful at trial. But "the range of possible recovery is only one factor relevant to settlement approval," and here the other factors weigh in favor of finding the settlement amount fair and reasonable. *Rincon Ecuatoriano, Inc.*, 2015 WL 7736551, at *2.

First, the parties have substantial legal and factual disputes that go to the core of Plaintiff's claims. For instance, Defendants contend that Plaintiff had a managerial role as "head chef . . . responsible for the supervision of all kitchen staff," and thus was "an exempt employee under the FLSA and NYLL." Fairness Letter at 2. Defendants also assert that "Plaintiff worked substantially less hours than he claimed." *Id.* Defendants "indicate[] they are willing to provide witnesses and documents to this effect," *id..*, whereas Plaintiff did not contemporaneously keep track of his hours, *see* Compl. ¶¶ 59, 69.

As such, Plaintiff faces significant litigation risks—in proving his claims and obtaining an award close to the estimated full recovery—at trial. *See Redzepagic v. Hammer*, No. 14-CV-9808 (ER), 2017 WL 1951865, at *1 (S.D.N.Y. May 8, 2017) (approving an agreement where "Plaintiff faces a large and uncertain range of possible recovery"). At a minimum, these disputes could require time-consuming and costly discovery, something the parties may legitimately seek to avoid. *See Tamayo v. DHR Rest. Co., LLC*, No. 14-CV-9633 (GBD), 2017 WL 532460, at *6 (S.D.N.Y. Feb. 3, 2017) (explaining that how to classify a particular employee is a "difficult and intensive factual inquiry" that "some courts have deemed a determination of relative importance"). For this reason, Plaintiff states that this settlement amount "is an excellent result" due to "the substantial risks in this case outlined above and the possibility that there might be no recovery." Fairness Letter at 2.

Second, the Agreement was reached early in these proceedings, through arm's length bargaining, and with "the assistance of a neutral and experienced mediator." Fairness Letter at 3; *see Lliguichuzhca*, 948 F. Supp. 2d at 366 ("Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable.").

Given the potential barriers to Plaintiff obtaining any recovery at trial and the fact that the proposed settlement arose out of arm's length bargaining, the Court finds the amount to be fair and reasonable. *See, e.g., Gomez v. Bogopa Madison LLC*, No. 17-CV-5006 (RA), 2017 WL 6594226, at *2 (S.D.N.Y. Dec. 21, 2017) (approving "a proposed settlement [that] would likely be a very small percentage of Plaintiff's potential recovery at trial"); *Rincon Ecuatoriano, Inc.*, 2015 WL 7736551, at *2 (approving a proposed settlement amount of $21,000,"a tiny fraction of . . . [the] potential recovery at trial" of $522,389.30).

## B. Attorney's Fees

The Court also approves the amount of attorney's fees set forth in the Agreement. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). For contingency fee awards, the amount is "presumptively valid where the proposed fee amount is exactly one-third of the net settlement amount." *Zackery v. Rondinone Studio LLC*, No. 19-CV-1191 (RA), 2019 WL 3006405, at *1 (S.D.N.Y. July 10, 2019). Here, the Agreement sets aside one-third of the settlement amount – $13,333.33 – to Plaintiff's counsel. *See* Agreement ¶ 2(b). Accordingly, the Court finds that the proposed attorney's fees are reasonable. *See Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950 (RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018) (approving a fee amount that is "one-third of the net settlement amount[,] an amount routinely approved under the percentage method").

## C. Release Provision

The Court, however, cannot approve of the Agreement's release provision. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)); *Flood v. Carlson Rests. Inc.*, No. 14-CV-2740 (AT), 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) (rejecting a release provision that is "too sweeping to be fair and reasonable" (internal citation omitted)). Therefore, a provision that applies to more than "claims relating to the existing suit" and "eras[ing] all liability whatsoever" cannot be approved. *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181.

The Agreement's release provision encompasses much more than the wage-and-hour claims raised in this action. *See* Agreement ¶ 4. Rather, the Agreement provides that Plaintiff "irrevocably and unconditionally releases, waives and forever discharges the Defendants . . . from any and all claims, charges, grievances, levies, complaints, averments, demands, causes of action, attorneys' fees and liabilities of any kind whatsoever upon any legal or equitable theory, whether contractual, common law, statutory, regulatory (under federal, state or local laws, rules, regulations, suspected or unsuspected, that Plaintiff ever had, now has or hereafter may have against any of the Releases by reason of any act, omission, transaction, agreement or occurrence up to and including the date of the execution of this Agreement." *Id.* ¶ 4(a). It also requires Plaintiff to waive potential claims under a lengthy but non-exhaustive list of statutes, ranging from Title VII of the Civil Rights Act of 1964 to the Occupational Safety and Health Act of 1970, in addition to a waiver of "any and all claims for slander, libel, defamation, negligent or intentional infliction of emotional distress, fraud, . . . [and] personal injury." *Id.* ¶ 4(b)(ii).

By failing to limit the release provision to the wage-and-hour claims at issue in this action, the Agreement improperly "confers an uncompensated, unevaluated, and unfair benefit on the employer and is inequitable and unfair." *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181. Accordingly, the release provision is far too broad to survive this Court's scrutiny. *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015).

## CONCLUSION

For foregoing reasons, the Court cannot approve the Agreement at this time. The parties may proceed in one of the following three ways by November 8, 2019.

1. The parties may refile a revised settlement agreement that does not include a release provision that extends beyond the claims at issue in this action;

2. The parties may file a joint letter indicating their intention to abandon settlement and continue pursuing this litigation; or

3. The parties may stipulate to a dismissal of this case *without* prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated: October 24, 2019
New York, New York

RONNIE ABRAMS
United States District Judge