## RELEASE
## AND SETTLEMENT AGREEMENT

This **RELEASE AND SETTLEMENT AGREEMENT** ("Agreement") is entered by and between Florence Gil ("Plaintiff") and N&A Productions, Inc., (d/b/a the Playwright Irish Pub), McGee's Bar & Grill, Inc., (d//b/a McGee's Pub), Peter Fitzpatrick, Thomas F. Dwyer, Collen Dwyer, Francis J. McCawley, John Bernard Doherty, Kenneth Gerard Keating, Padraig Dwyer, and Sean Dwyer (collectively referred to as "Defendants").

## RECITALS

**WHEREAS,** Florence Gil Aguilar ("Plaintiff") is a former employee of Defendants;

**WHEREAS,** Plaintiff filed a case in the United States District Court, Southern District of New York, entitled Florencio Gil Aguilar v. N&A Productions, Inc., et al, Docket No.: 19-CV-01703 (RA) (the "Action");

**WHEREAS,** the Defendants have denied and continue to deny that they engaged in any violations of law or wrongdoing of any type alleged in the Action; and

**WHEREAS,** the parties, represented by experienced counsel and with the assistance of a mediator through the Southern District of New York's mediation program; and

**WHEREAS,** Plaintiff and the Defendants have agreed with the assistance of a mediator that it is in their respective best interests to fully resolve their differences and settle the disputes between them, among other reasons, to avoid uncertainty, time and expense that would result from the continued litigation of the Action;

**NOW, THEREFORE,** in consideration of the promises, mutual covenants, understandings and agreements contained in this Agreement, including dismissal of the Action in its entirety, with prejudice, and other good and valuable consideration to be received pursuant hereto, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is hereby agreed by and between the Parties as follows:

1. **Plaintiff's Commitments.** In exchange for the promises set forth below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement (the "Motion") and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act and New York Labor Law that Plaintiff has or may have in the future through the date of execution of this Agreement in the Action. This Agreement is contingent upon the Court's approval of this Agreement and dismissal of all of Plaintiff's claims, with prejudice in the Action.

2. **Settlement Payment.**

    (a) In exchange for the promises made herein and subject to the United States District Court Southern District of New York's (the "Court") approval of this Agreement and the Action being dismissed with prejudice with a fully executed Rule 41 Joint Stipulation of Dismissal with Prejudice so-ordered by the Court, Defendants in this Action shall cause Plaintiff to be paid the gross sum of Forty Thousand dollars

($40,000.00) as set forth herein.

(b) Within thirty (30) days after the Court So-Orders the Rule 41 Joint Stipulation of Dismissal, Defendants shall issue three checks to Plaintiff as follows: (i) one check made payable to "Florencio Gil Aguilar" in the gross amount of $13,333.33 minus applicable deductions representing wages; (ii) one check made payable to "Florencio Gil Aguilar" in the gross amount of $13,333.34 without deductions representing liquidated damages; (iii) one check made payable to "Michael Faillace & Associates" in the gross amount of $13,333.33 without deductions representing attorneys' fees.

(c) The Defendants shall issue a Form 1099 to Plaintiff with regard to the liquidated damages and attorneys' fees amount paid. Plaintiff and Michael Faillace & Associates shall provide the Defendants, through counsel, with a properly completed and executed Form W-9 to reflect these payments before they shall become due.

3. **Tax Consequences of Settlement Payment.**

Plaintiff agrees that he will be solely responsible for any tax liability that may arise from his receipt of the Settlement Payment and the Defendants have made no statements with respect to any tax obligation he may or may not have.

4. **Release and Waiver By Plaintiff.**

(a) Plaintiff, with the intention of binding himself, his heirs, beneficiaries, trustees, administrators, executors, assigns (collectively the "Releasors"), hereby irrevocably and unconditionally releases, waives and forever discharges the Defendants which for purposes of this Release and Waiver specifically includes all of the corporate defendants' present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, insures, reinsurers, insurance policies, successors, and assigns and their current and former employees, attorneys, officers, board members, directors and agents (collectively referred to as "Releasees,") and each of them, from any and all wage and hour: claims, charges, grievances, levies, complaints, averments, demands, causes of action, attorneys' fees and liabilities of any kind whatsoever upon any legal or equitable theory, whether contractual, common law, statutory, regulatory (under federal, state or local laws, rules, regulations, principles or otherwise), whether known or unknown, asserted or unasserted, suspected or unsuspected, that Plaintiff ever had, now has or hereafter may have against any of the Releasees by reason of any act, omission, transaction, agreement or occurrence up to and including the date of the execution of this Agreement.

(b) Without limiting the generality of this Paragraph, the Releasors hereby release and forever discharge each of the Releasees from any of the following claims that they ever had, now have or hereafter may have against the Releasees, or any of them, by reason of any act, omission, transaction, agreement or occurrence up to and including the date of the execution of this Agreement:

(i) any and all claims of any kind or nature, whether known or unknown, asserted or unasserted arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act and New

York Labor Law (and affiliated rules and regulations).

(c) Plaintiff further waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any FLSA and/or NYLL claim in which Defendants, individually or collectively, are a party. In the event any class or collective action is brought against Defendants pursuant to the FLSA and/or NYLL, which includes or may include Plaintiff, upon learning of any of the Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(d) Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA and NYLL claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle his FLSA and NYLL claims, to waive all claims and to indemnify Defendants from any claims by or relating to Releasor.

5. **General Release by Defendants.**

Defendants hereby waives and forever discharges Plaintiff from any and all claims, charges, grievances, levies, complaints, averments, demands, causes of action, attorneys' fees and liabilities of any kind whatsoever upon any legal or equitable theory, whether contractual, common law, statutory, regulatory (under federal, state or local laws, rules, regulations, principles or otherwise), whether known or unknown, asserted or unasserted, suspected or unsuspected, that Defendants ever had, now has or hereafter may have against Plaintiff by reason of any act, omission, transaction, agreement or occurrence up to and including the date of the execution of this Agreement.

6. **No Admission of Liability.**

The Parties hereby agree that neither the giving of any consideration pursuant to this Agreement nor its acceptance shall operate as or be evidence of any admission of liability for any claim hereby released. The Parties further agree that, by execution of this Agreement, the Defendant does not admit the truthfulness of any of the claims or allegations in the Complaint; rather, such claims, allegations and liability have been, and are hereby, expressly denied by the Defendants. The Parties further acknowledge that execution of this Agreement by the Defendants is not, nor may it be construed to be, an admission of liability or wrongdoing by them.

7. **Retention of Jurisdiction.**

The parties agree that the Court shall retain jurisdiction of this Agreement for purposes of enforcing the Agreement.

8. **Entire Agreement.**

This Agreement constitutes the entire understanding and agreement by and between Plaintiff and the Defendants concerning the subject matter hereof, and supersedes prior understandings and agreements, if any, by or between Plaintiff and the Defendants, with respect to such subject matter. There are no representations, agreements, arrangements, or understandings, oral or written, concerning the subject matter hereof between Plaintiff and

the Defendants that are not fully expressed or incorporated by reference herein.

9. **Amendments.**

Any modification of this Agreement or additional obligation assumed by any party in connection with this Agreement shall be binding only if evidenced in writing signed by each party or an authorized representative of each party. Additionally, this Agreement cannot be changed or terminated orally, but may be changed only through written addendum executed by each of the Parties.

10. **Execution.**

This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants, and Defendants until after authorized agents of the Defendants execute the Agreement and the Agreement is approved by the Court.

11. **Waiver.**

The failure of any party to insist on the strict performance of any provision in this Agreement or to exercise any right under this Agreement shall not constitute a waiver of such provision or right. A waiver is effective only if in writing and signed and delivered by the waiving party to the non-waiving party or its designated counsel for notices hereunder.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**Florencio Gil Aguilar**

By: _Florencio Gil Aguilar 12/11_, 2019

**N&A Productions, Inc.**

By: _____  12/4, 2019

**McGee's Bar & Grill, Inc.**

By: _____  12/4, 2019

**Peter Fitzpatrick**

By: _____  12/4, 2019

**Thomas F. Dwyer**

By: _____  12/4, 2019

**Colleen Dwyer**

By: _[signature: Colleen Dwyer]_ 12/4, 2019

**Francis McCawley**

By: _[signature]_ _____, 2019

**John Doherty**

By: _[signature: John Doherty]_ _____, 2019

**Kenneth Gerald Keating**

By: _[signature]_ _____, 2019

**Padraig Dwyer**

By: _[signature]_ 12/4, 2019

**Sean Dwyer**

By: _[signature]_ _____, 2019