USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLORENCIO GIL AGUILAR,

Plaintiff,

v.

N & A PRODUCTIONS INC., *d/b/a* THE PLAYWRIGHT IRISH PUB; MCGEES'S BAR & GRILL, INC., *d/b/a* MCGEES'S PUB; PETER FITZPATRICK; THOMAS F. DWYER; COLLEEN DWYER; FRANCIS J. MCCAWLEY; JOHN BERNARD DOHERTY; KENNETH GERARD KEATING; PADRAIG DWYER; and SEAN DWYER,

Defendants.

No. 19-CV-1703 (RA)

MEMORANDUM OPINION
& ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Florencio Gil Aguilar brought this action against Defendants N & A Productions Inc., McGees's Bar & Grill, Inc., Peter Fitzpatrick, Thomas F. Dwyer, Colleen Dwyer, Francis J. McCawley, John Bernard Doherty, Kenneth Gerard Keating, Padraig Dwyer, and Sean Dwyer (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On June 20, 2019, the parties submitted a proposed settlement agreement and fairness letter. Although the settlement amount and attorney's fees were fair and reasonable, the Court could not approve it because of the overly broad release of claims. Before the Court now is the parties' revised proposed settlement agreement ("Agreement"), which was filed on December 18. The Court approves the Agreement in its entirety.

Pursuant to the revised Agreement, Defendants agree to pay Plaintiff the same settlement amount – $40,000 – as agreed to in the prior agreement. The Agreement also provides for the

same amount of attorney's fees – one-third of the settlement amount. For the reasons explained in the Court's October 24, 2019 Opinion, the settlement amount and attorney's fees are fair and reasonable. *See* Dkt. 45.

As ordered by the Court, the parties have included a revised release provision in this Agreement. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 171 (S.D.N.Y. 2015)). In the revised release, Plaintiff agrees to waive "any and all wage and hour: claims, charges, grievances, levies, complaints, averments, demands, causes of action, attorneys' fees and liabilities of any kind whatsoever . . . that Plaintiff ever had, now has or hereafter may have against any of the Releasees by reason of any act, omission, transaction, agreement or occurrence up to and including the date of the execution of this Agreement." Agreement ¶ 4(a). He further agrees to waive "any and all claims of any kind or nature, whether known or unknown, asserted or unasserted arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act and New York Labor Law (and affiliated rules and regulations)." *Id.* ¶ 4(b).

The revised release provision is reasonable. It is specifically tied to the claims that Plaintiff brought in this action or to wage-and-hour issues more generally. It also does not affect claims that might arise after the execution of this Agreement. The revised release provision is thus sufficiently narrow to survive judicial scrutiny, especially given that it appears to have been the "fair result of a balanced negotiation, in which Plaintiff[] w[as] represented by able counsel."

2

*Montenegro v. NMN Food LLC*, No. 18-CV-3153 (RA), 2018 WL 6618372, at *2 (S.D.N.Y. Dec. 18, 2018).

Accordingly, for the reasons provided in the Court's October 24, 2019 Opinion and stated above, the Court approves the parties' revised settlement agreement. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:    December 30, 2019
            New York, New York

RONNIE ABRAMS
United States District Judge